ADELINE M. OVEREND, RESPONDENT, v. JAMES M. KIERNAN ET AL.. APPELLANTS.

Submitted May 26, 1928—Decided October 15, 1928.

For the appellant, *George L. Record.*

For the respondent, *Benjamin E. Gordon.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Adeline Overend, the plaintiff below, brought suit in the Hudson Circuit Court against the defendants James M. Kiernan, James W. Kiernan and Joseph Perlmutter to recover compensation for losses sustained by her while occupying certain premises in the city of Jersey City under a sublease from the defendants, her claim being that she was induced to accept the sublease by reason of false representations made by the defendants as to the length of the term of the original lease held by them and as to the profits she would make in carrying on a millinery business in the leased premises in connection with the business conducted by the defendants in that portion of the premises not covered by her sublease, and that the losses sustained by her were the direct result of

these false representations. The trial resulted in a verdict in favor of the plaintiff, the jury awarding her the sum of $6,000 as against the defendant James W. Kiernan. The latter thereupon applied for and obtained a rule to show cause why this verdict against him should not be set aside and a new trial ordered, the rule reserving to him the exception taken to the refusal of the trial court to nonsuit and the exception taken to its refusal to direct a verdict in his favor. Upon the return of the rule he contended that it should be made absolute for three reasons, the principal one being that the verdict was contrary to the weight of the evidence. The trial court, after a consideration of the proofs in the case, concluded that this contention was contrary to the facts, and that there was nothing of merit in either of the other reasons argued. As the result of this conclusion the rule to show cause was discharged and judgment entered upon the verdict. The defendant James W. Kiernan thereupon appealed to the Supreme Court, and that court affirmed the judgment of the Hudson Circuit Court. From the judgment of affirmance he has now appealed to this court. The only ground upon which we are asked to reverse the judgment now under review is that the refusal of the trial court to order a nonsuit, and its refusal to direct a verdict in favor of the defendant (the present appellant), were both of them legally erroneous, and entitled him to a reversal by the Supreme Court of the judgment there under review.

An examination of the state of the case sent up with the appeal discloses that each of these motions was based upon the sole ground there was no evidence in the case which would support a verdict for the plaintiff. That being so, the appellant was not entitled to have the judgment of the Circuit Court reversed by the Supreme Court because of its refusal to order a nonsuit or to direct a verdict for the defendant. When a defendant applies for a new trial upon the ground that the verdict is against the weight of the evidence, this contention is necessarily embraced within exceptions to the refusal to nonsuit and to direct a verdict on the ground that there was no evidence to support a finding in favor of the

plaintiff; and, so, when this contention is argued and is determined against him on the return of the rule to show cause, he will be considered as having abandoned the reserved exceptions, with the approval of the court before which the rule is argued and decided, and his right to have them considered by an appellate tribunal is lost. *Catterall* v. *Otis Elevator Co.*, 103 *N. J. L.* 381; *Cleaves* v. *Yeskel*, 104 *Id.* 497.

For the reason indicated, the judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, CAMPBELL, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.

*For reversal*—None.